E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-04257-S5**
**6/9/2021 8:56 AM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

CHERYL BRAND,                               )
                                            )
                                            )
              Plaintiff,                     )          CIVIL ACTION
                                            )          FILE NO.:
v.                                          )          **21-C-04257-S5**
                                            )
CHIPOTLE MEXICAN GRILL, INC.,               )          **JURY TRIAL DEMANDED**
                                            )
              Defendant.                     )

## COMPLAINT

COMES NOW Cheryl Brand (hereinafter "Plaintiff"), and respectfully shows this Court

the following facts:

1.

Plaintiff is a resident of Gwinnett County, Georgia.

2.

Defendant, Chipotle Mexican Grill, Inc., a corporation organized under the laws of the

State of Delaware, operates a number of restaurants in the Atlanta metropolitan area and may be

served with process and a copy of this Complaint by serving its registered agent, Corporation

Service Company, at its registered office in Georgia located at, 2 Sun Court, Suite 400, Peachtree

Corners, Gwinnett County, Georgia 30092.

3.

Defendant is subject to the jurisdiction of this court pursuant to O.C.G.A. § 9-10-91(1).

4.

Venue is proper in this court pursuant to O.C.G.A. § 14-2-510(b)(1) because, according to the records of the Georgia Secretary of State, Defendant, a foreign corporation, maintains its registered office in Gwinnett County, Georgia.

5.

On Friday, September 20, 2019, at approximately 12:15 p.m. Plaintiff was a paying customer at Defendant's restaurant located at 123 Perimeter Center W, Ste 500, Atlanta, Fulton County, Georgia, 30346.

6.

The lunch line was long that afternoon, and nearly reached the store's entrance, so Plaintiff waited in line for some time with other customers before reaching the counter to place her order, which consisted of a carne asada bowl, and two orders of guacamole with chips.

7.

After placing her order, Plaintiff proceeded down the line to the cash register, where she paid for her items using her credit card at 12:26 p.m.

8.

The to-go bag in which Plaintiff's ordered had been placed was too small, so Plaintiff asked the cashier who was, upon information and belief, named, Lateecia, to place her order in a larger bag.

9.

The cashier obliged but asked Plaintiff to move from in front of the cash register to the side of it, so that other customers could pay for their orders while Plaintiff waited for hers to be bagged, which Plaintiff did.

10.

Moments later, as Plaintiff was reaching to grab her order as it was being handed to her, she slipped on a slippery substance that was on the floor, causing her to fall backwards.

11.

Plaintiff attempted to brace herself for the fall and prevent herself from striking her head on the ground by extending out her right arm.

12.

Plaintiff fell to the floor landing on her extended right arm and tail bone, with her legs splitting out to the side.

13.

Plaintiff immediately experienced pain on her tail bone, lower back and pelvic area. Her wrist began to swell, and she had pain running up her right arm into her right shoulder.

14.

The cashier believed to be named, Lateecia, attended to Plaintiff while she was on the floor, asking if she was okay, and offering to help Plaintiff off of the ground, but upon realizing how much pain Plaintiff was in, she advised Plaintiff not to move and that she would call an ambulance.

15.

The same cashier informed Plaintiff that earlier, vinaigrette salad dressing had been spilled in the area where Plaintiff fell, and had not been properly cleaned, and apologized emphatically for what happened to Plaintiff as a result of the Defendant's failure to keep the floors of its restaurant free from spills, food and debris.

3

16.

The shift manager, Mr. Franek Lafont, approached Plaintiff and apologized for the incident and also informed Plaintiff that there had been a spill in the area where Plaintiff fell that had not been properly cleaned, and assured Plaintiff the restaurant was at fault and that he would document as much in the restaurant's incident report, which he did not do.  He further instructed Plaintiff to contact Chipotle's corporate office so that it could "take care of everything."

17.

The shift manager went on to complete an incident report as Plaintiff was seen by paramedics, and eventually taken to the emergency room.

18.

The area to the side of the register at which Plaintiff was told to wait, had not been properly cleaned after a slippery, oily substance had been spilled on it, which caused Plaintiff to fall and sustain serious and grievous personal injury.

19.

Defendant was negligent in failing to exercise ordinary care in keeping its premises and approaches safe because it had knowledge of the slippery substance that caused Plaintiff's fall, allowed it to remain on the floor in an area of its restaurant it knew was traversed by its customers, and by failing to provide any warning of the hazard.

20.

The slippery substance had accumulated in an area of the restaurant in which Defendant knew its customers would be walking.

21.

At all relevant times, Plaintiff was a business invitee on Defendant's premises.

4

22.

At all relevant times, Plaintiff lacked knowledge of the foreign substance that caused her fall and was prevented from discovering it because Defendant failed to warn customers that the substance was on the floor.

23.

As a direct and proximate result of Defendant's negligence, and failure to exercise reasonable care to keep its premises safe, as required by O.C.G.A. § 51-13-1, Plaintiff sustained serious and grievous injury, particularly to her right shoulder. Plaintiff had shoulder surgery; specifically, a diagnostic right shoulder arthroscopy, right shoulder biceps tenodesis, right shoulder subacromial decompression and right shoulder subclavicular resection.

24.

As a direct and proximate result of Defendant's negligence, Plaintiff has incurred medical expenses for treatment of injuries occasioned by her fall. Plaintiff expects that she will incur additional medical expenses in the future.

25.

As a direct and proximate result of Defendant's negligence, Plaintiff has sustained significant pain and suffering, and impairment of her to labor and enjoy her life.

**WHEREFORE**, your Plaintiff prays:

(a)   That process issue against Defendant, and that it be served with this Complaint in accordance with the applicable rules of procedure;

(b)   That Plaintiff have trial by jury on all issues herein;

(c)   That Plaintiff have judgment against Defendant for reimbursement of all medical expenses, past, present and future, arising from injuries proximately caused by Defendant's

5

negligence which have been or will be incurred by Plaintiff in a fair and reasonable amount of no less than $145,632.72, the same to be decided by a fair and impartial jury;

(d)    That Plaintiff have judgment against Defendant for general damages in a fair and reasonable amount the same to be decided by a fair and impartial jury; and,

(e)    For such other and further relief as the Court deems appropriate under the facts and circumstances of this case.

Respectfully submitted this 8th day of June, 2021.


*Mitchell E. McGough*
Mitchell E. McGough, Esq.
Georgia Bar No. 460942
**Attorney for Plaintiff**
MITCHELL E. MCGOUGH LAW, LLC
945 East Paces Ferry Road, Suite 2250
Atlanta, GA 30326
P: (404) 994-4357
D: (404) 445-8440
F: (404) 600-1287
E:  mitchell@mitchellmcgoughlaw.com


Stephen M. Friedberg, Esq.
Georgia Bar No. 277350
**Attorney for Plaintiff**
Suite 2250, Resurgens Plaza
945 East Paces Ferry Road, N.E.
Atlanta, GA 30326
Telephone:  (404) 842-7243
Facsimile:  (404) 842-7222
Email:     steve@smflawdawg.com